UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARL ALONZO BROOKS, <br><br> Plaintiff, <br><br> v. <br><br> ENDO et al., <br><br> Defendants. | CASE NO. C18-658 JCC-BAT <br><br> REPORT AND RECOMMENDATION |

Carl Alonzo Brooks filed a *pro se* civil rights complaint[1] under 42 U.S.C. § 1983 alleging in 2006, his former Assistant Federal Public Defenders submitted an opening brief to the Court of Appeals for the Ninth Circuit that violated his rights. Dkt. 3. The Court recommends dismissing the complaint because it alleges an act occurring 12 years ago and is thus time-barred. Additionally, the complaint alleges the defendants violated Mr. Brooks' rights in the course of their representation of him as his lawyers. The defendants according did not act under color of state law and cannot be sued under § 1983. Because the untimeliness of the complaint and the act defendants performed are facts that cannot be changed, leave to amend the complaint would be futile, and the case should therefore be dismissed with prejudice at this juncture.

---

[1] The complaint was originally filed in King County Superior Court on February 15, 2018. Defendants removed the matter to this Court on May 4, 2018. Dkt. 1.

REPORT AND RECOMMENDATION - 1

# BACKGROUND

## A. The Complaint

Mr. Brooks is a prisoner confined at the State Penitentiary at Walla Walla. Dkt. 3. At 1. He alleges his former Assistant Federal Public Defenders, Corey Endo and Nancy Tenney, violated his rights from March 2006 through June 2015 by:

> their omission from their (Endo and Tenney's) opening brief to the ninth circuit court of appeals, my . . . actual innocence to murder habeas corpus, and which was motivated by Defs Endo and Tenney's attempt to get away with committing an overt act in furtherance of the May 18th 1978 Dept. of Social and Health Services (DSHS) Presentence Investigation Report's (PTSR) fabricated allegations and fraudulent concealments.

*Id*. at 2. The complaint further alleges that if defendants' opening brief had disclosed certain fabricated factual allegations "it would entitle me (Plt. Brooks) to a hearing and determination of the merits or my procedurally defaulted first federal habeas corpus. *Id*. at 3-4.

## B. Prior Proceedings

Mr. Brooks' complaint flows from the federal habeas corpus petition he filed in this Court in March 2004 challenging his 1978 guilty plea to rape, kidnapping, assault, robbery, burglary and second degree murder convictions, and the sentence imposed in the King County Superior Court. *See Brooks v. Miller Stout*, 04-922 JCC; Dkt. 9 (notice of related case). On January 21, 2005, the District Court dismissed the federal habeas petition on the grounds it was barred by the statute of limitations. Dkt. 29 (04-922 JCC). Mr. Brooks appealed the dismissal to the ninth circuit and on March 14, 2006, the circuit appointed the Office of the Federal Public Defender to represent Mr. Brooks. Dkt. 39.

On July 10, 2006, Ms. Endo and Ms. Tenney of the Office of the Federal Public Defender filed an opening brief in the ninth circuit on behalf of Mr. Brooks arguing the federal habeas

1  petition was timely filed, and alternatively, Mr. Brooks was entitled to equitable tolling of the
2  statute of limitations. 2006 WL 2952526 (C.A. 9) (Appellate Brief).

3  On March 5, 2007, the ninth circuit issued a decision affirming the district court's
4  dismissal of the federal habeas petition. Dkt. 42 (04-922 JCC). The ninth circuit found the
5  federal habeas petition was untimely and Mr. Brooks was not entitled to statutory or equitable
6  tolling. *Id.* Although the ninth circuit affirmed the dismissal of the federal habeas petition and
7  issued a mandate in 2007, Mr. Brooks continued to file in the ninth circuit additional *pro se*
8  pleadings. On June 29, 2015, the ninth circuit issued the following order:

> The court has filed your pro se documents dated October, 2014, March 30, 2015, April 13, 2015, May 11, 2015, May 28, 2015, and June 1, 2015. All pending pro se motions are DENIED. The mandate in this case issued September 12, 2007, and no further filings will be accepted in this closed case.

Dkt. 45 (04-922 JCC).

**DISCUSSION**

**A.    Statute of Limitations**

Mr. Brook's § 1983 complaint is barred by the statute of limitations. Because § 1983 contains no statute of limitations, federal courts apply the applicable state statute of limitations for the jurisdiction in which the claim arose. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In Washington State, the three-year limitations period for any other injury to the person or rights of another contained in R.C.W. 4.16.080(2)" applies to § 1983 claims. *Id*.

Federal law determines when a § 1983 claim accrues. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Two Rivers*, 174 F.3d at 992).

REPORT AND RECOMMENDATION - 3

To determine when a claim accrues, the federal court thus focuses on the time period in which the complained of acts occurred, not on the time period in which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

Here, the complaint alleges defendants filed an opening brief in the ninth circuit that violated Mr. Brooks' rights. The opening brief was filed in 2006 and the court of appeals denied Mr. Brooks relief in 2007. The claim presented in the complaint thus accrued in 2006, or at the latest, in 2007. Either way, the claim accrued more than three years before the complaint was filed. The claim accrued no later than 2007 because Mr. Brooks clearly knew his lawyers filed an opening brief in 2006, and clearly knew in 2007 the ninth circuit rejected the argument raised in the opening brief and affirmed the dismissal of his habeas complaint. He therefore knew about the actions he now complains of in no later than 2007 and could have filed a § 1983 claim then. He did not and instead filed the complaint in 2018, well beyond the three year statute of limitations. Accordingly, the court recommends dismissing the complaint with prejudice on the grounds that it is untimely and barred by the statute of limitations.

**B.    State Actor Requirement**

In addition to being untimely, the complaint fails to allege acts committed by a person acting under color or state law. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege his or her Federal Constitutional or statutory rights were violated by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A public defender does not act under color of state law when performing the traditional functions of counsel to a criminal defendant. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (public defender appointed in criminal case was not state actor even though he was "paid by government funds and hired by a government agency").

REPORT AND RECOMMENDATION - 4

Here, the court appointed the Office of the Federal Public Defender to represent Mr. Brooks in the appeal of the dismissal of his federal habeas petition. The complaint alleges assistant federal public defenders Endo and Tenney filed an opening brief in the ninth circuit that was deficient. The filing of an opening brief on appeal is a traditional if not core function of criminal defense appellate counsel. Accordingly neither defendant acted under color of state law in filing the opening brief, and the §1983 claims against them should be dismissed.

## CONCLUSION

For the foregoing reasons, this Court recommends Mr. Brooks' complaint be dismissed with prejudice. Although Mr. Brooks is a prisoner proceeding *pro se*, leave to amend should be denied at this juncture. The untimeliness of the complaint and fact defendants did not act under color of state law cannot be cured. As amendment of the complaint would be futile, the Court recommends dismissing the complaint. Additionally, because the complaint fails to state a claim upon which relief may be granted, the Court should count the dismissal as a strike under 28 U.S.C. § 1915(g). A proposed order and judgment accompany this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore Mr. Brooks should not file a notice of appeal in the Court of Appeals for the Ninth Circuit until the assigned district judge enters a judgment in the case. Any objection to this report and recommendation must filed by **May 24, 2018**. The Clerk shall note the matter for **May 25, 2018**, as ready for the District Judge's consideration. Objections shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

1 | DATED this 10th day of May, 2018.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6