THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARL ALONZO BROOKS,

Plaintiff,

v.

COREY ENDO and NANCY TENNEY,

Defendants.

CASE NO. C18-0658-JCC

ORDER

This matter comes before the Court on Plaintiffs' objections (Dkt. No. 11) to United States Magistrate Judge Brian Tsuchida's report and recommendation (Dkt. No. 10) regarding Plaintiffs' 28 U.S.C. section 1983 complaint (Dkt. No. 3). Having thoroughly considered the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES Plaintiff's objections and ADOPTS Judge Tsuchida's report and recommendation.

Plaintiff Carl Alonzo Brooks filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 in which he alleges his former public defenders, Defendants Endo and Tenney, omitted information from an opening brief they filed on behalf of Brooks with the Ninth Circuit Court of Appeals in 2006. (Dkt. No. 3 at 2.) These allegations arise from a prior habeas corpus proceeding, in which Endo and Tenney represented Brooks before the Ninth Circuit Court of Appeals. *See Carl A. Brooks v. Maggie Miller-Stout*, No. C04-0922-JCC, Dkt. No. 40 at 4 (W.D. Wash. Mar. 14 2006). Brooks' complaint includes the following allegations against Endo and

Tenney:

> Between March 6th 2006 through June 3rd, 2015 the Defendants Endo and Tenney, by gross neglect of public duty, willful and wanton misconduct, conspired to violate my (Plt. Brooks) fundamental liberty interest and public interest in effective assistance, for the purpose of causing my (Plt. Brooks) estate as a minor and estate as a emancipated minor to, for the balance of what remains since 2006, of my (Plt. Brooks) duration of confinement, to suffer from irreparable Battered Child Syndrome, and irreparable Post-Traumatic Stress Syndrome, and irreparable Traumatic Mental and Emotional Distress by—omission from their (Endo and Tenney's) opening brief to the ninth circuit court of appeals, my (Plt. Brooks) actual innocence to murder habeas corpus ground as a gateway to a hearing an determination of the merits of my procedurally defaulted habeas corpus, and which was motivated by Defs. Endo and Tenney's attempt to get away with committing a overt act in the furtherance of the May 18th 1978 Dept. of Social and Health Services (DSHS) Presentence Investigation Report's (PSIR) fabricated allegations, and fraudulent concealments, as follows.[1]

(Dkt. No. 3 at 2.) The complaint goes on to describe details about Brooks' state court conviction, but contains no other allegations regarding Endo or Tenney. (*See generally id.*) Judge Tsuchida recommends the Court dismiss Plaintiff's complaint for two reasons. First, Plaintiff's section 1983 claims are time-barred because they arise from acts that occurred well outside the three-year statute of limitations. (Dkt. No. 10 at 3–4.) Second, the Defendants' alleged acts, performed in their capacity as public defenders, were not taken under color of state law as required to establish a section 1983 violation. (*Id*. at 4–5.)

Plaintiff's objections do not address Judge Tsuchida's recommendations. Rather, Brooks asserts that the Court should recuse itself from this case because it has a conflict of interest based on its prior rulings in an unrelated section 1983 case Brooks filed. (Dkt. No. 11 at 6) (citing *Carl A. Brooks v. Joanne Y. Maida, et al.*, No. C03-0265-JCC, Dkt. No. 110 (W.D. Wash. Feb. 26, 2016)). The Court finds no basis for recusal and therefore DENIES Brooks' objection. The rest of Brooks' objections neither address the statute of limitations issue nor explain how Defendants acted under color of state law. (*See generally* Dkt. No. 11.) Not only are Brooks' objections non-

---

[1] These allegations are taken verbatim from the complaint. (Dkt. No. 3 at 2.)

responsive to Judge Tsuchida's recommendations, they are largely unintelligible. (*See generally id.*) Therefore, Brooks' objections are OVERRULED.

The Court concludes that Brooks' complaint fails to state a claim upon which relief can be granted. The acts that Brooks alleges represent a section 1983 violation occurred in 2006, and are thus barred by the statute of limitations. *See Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981); Wash. Rev. Code § 4.16.080(2) (applying a three year statute of limitations to section 1983 claims). Moreover, Defendants' alleged acts were not taken under color of state law because they were undertaken while acting as public defenders. *See Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003). Given the deficiencies with Brooks' complaint, the Court concludes that his claims should be dismissed with prejudice because further amendment would be futile. *See Swartz v. KPMG LLP*, 476 F.3d 756, 761 (9th Cir. 2007).

Accordingly, the Court ORDERS as follows:

(1) The Court ADOPTS the Report and Recommendation;

(2) The complaint is DISMISSED with prejudice for failure to state a claim upon which relief may be granted;

(3) This dismissal shall count as a STRIKE under 28 U.S.C. § 1915(g); and

(4) The Clerk is DIRECTED to send a copy of this order to the parties.

DATED this 9th day of July 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE