UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARL ALONZO BROOKS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COREY ENDO and NANCY TENNEY,<br><br>　　　　　Defendants. | CASE NO. C18-0658-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for order recalling previous dismissal and request to sanction defendants (Dkt. No. 16).[1] On July 9, 2018, the Court adopted United States Magistrate Judge Brian Tsuchida's report and recommendation and dismissed Plaintiff's 28 U.S.C. section 1983 complaint with prejudice (Dkt. No. 14). In his civil rights complaint, Plaintiff alleged that his former public defenders, Defendants Endo and Tenney, omitted information from a brief they filed on behalf of Brooks with the Ninth Circuit Court of Appeals in 2006. (Dkt. No. 3 at 2.) Plaintiff's claims failed for at least two reasons—they were time barred, and Defendants, acting in their capacity as public defenders, were immune from liability. (*See* Dkt. No. 14.)

---

[1] The Court notes that Plaintiff's motion is extremely difficult to read because the text appears to have been washed out when the document was scanned. Nevertheless, the Court was able to read enough of the motion to glean Plaintiff's request.

| | |
|---|---|
| 1 | In his present motion, Plaintiff asks the Court to vacate its dismissal of his complaint and |
| 2 | to sanction Defendants for their "willful, intentional, reckless, and deliberate indifference." (Dkt. |
| 3 | No. 16 at 1.) Plaintiff fails to provide a basis for either request. |
| 4 | "On motion and just terms, the court may relieve a party or its legal representative from a |
| 5 | final judgment, order, or proceeding for the following reasons . . . fraud (whether previously |
| 6 | called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. |
| 7 | Civ. P. 60(b)(3). While Plaintiff asserts that Defendants committed "extrinsic fraud on the |
| 8 | court," he provides no facts to support that claim. (Dkt. No. 16 at 1.) Nor does Plaintiff explain |
| 9 | how Defendants' alleged fraud would require the Court to vacate its judgment dismissing |
| 10 | Plaintiff's section 1983 complaint. As with his prior objections, Plaintiff fails to explain why his |
| 11 | claims should not be time barred or why Defendants are not immune from liability. |

In his present motion, Plaintiff asks the Court to vacate its dismissal of his complaint and to sanction Defendants for their "willful, intentional, reckless, and deliberate indifference." (Dkt. No. 16 at 1.) Plaintiff fails to provide a basis for either request.

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). While Plaintiff asserts that Defendants committed "extrinsic fraud on the court," he provides no facts to support that claim. (Dkt. No. 16 at 1.) Nor does Plaintiff explain how Defendants' alleged fraud would require the Court to vacate its judgment dismissing Plaintiff's section 1983 complaint. As with his prior objections, Plaintiff fails to explain why his claims should not be time barred or why Defendants are not immune from liability.

Plaintiff's request for sanctions is similarly unsupported. Most of Plaintiff's motion deals with Defendants' alleged failure to raise certain arguments during a prior appeal with the Ninth Circuit in 2006. As the Court concluded in its prior order, Defendants' alleged conduct did not provide a basis for relief—nor does it provide a basis for sanctions. (*See* Dkt. No. 14.) Plaintiff's request for sanctions is really just an attempt to relitigate the merits of his civil rights complaint. However, the Court has already dismissed that case with prejudice. (*See* Dkt. No. 14.)

For the foregoing reasons, Plaintiff's motion (Dkt. No. 16) is DENIED. The Clerk is DIRECTED to mail a copy of this order to Plaintiff.

DATED this 22nd day of October 2018.

_/s/ John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE