THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARL ALONZO BROOKS,

        Plaintiff,

   v.

COREY M. ENDO and NANCY TENNY,

        Defendants.

CASE NO. C18-0658-JCC

ORDER

This matter comes before the Court on Plaintiff's motion for recall of the judgment and motion for relief from filing fees (Dkt. No. 19). Having thoroughly considered the motion and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

In this case, Plaintiff sued the two federal public defenders who represented him in an appeal of an unsuccessful § 2241 habeas petition challenging his 1978 guilty plea. (*See* Dkt. No. 1-2 at 2–3.) On July 9, 2018, the Court ordered the action dismissed for failure to state a claim because, among other reasons, Plaintiff's alleged injuries were beyond the statute of limitations. (*See* Dkt. Nos. 10, 14, 15.) On October 22, 2018, the Court denied Plaintiff's request to recall the judgment dismissing the case. (*See* Dkt. No. 18.) Plaintiff once again asks the Court to recall the judgment, and he also requests relief from filing fees. (Dkt. No. 19.) As with his prior motion to recall the judgment, Plaintiff fails to explain why his claims should not have been dismissed as

time-barred or based on Defendants' immunity from liability. (*Compare* Dkt. No. 16, *with* Dkt. No. 19.)

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [based on] . . . newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [or] fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(2)–(3).

Plaintiff asserts that in September 2019, he discovered new scientific evidence regarding the likelihood of transmission of gonorrhea, and that this evidence undermined the 1978 presentence investigation report's statement that Plaintiff was responsible for the victim contracting gonorrhea. (*See* Dkt. No. 16 at 1, 4–5.) Plaintiff argues that Defendants' failure to discover this evidence constitutes an intentional or negligent violation of his right to effective assistance of counsel in his habeas appeal. (*Id.* at 6–21.) But Plaintiff does not attach documentation of this scientific evidence or establish that it was available when Defendants represented him. Nor does he describe how the alleged failure to present such evidence in his habeas appeal violated his rights. Finally, he does not explain why he is entitled to recall of the judgment under Federal Rule of Civil Procedure 60(b).

In addition, Plaintiff requests the recall of a prior order revoking a waiver of Plaintiff's obligation to pay filing fees. (*See* Dkt. No. 19 at 1, 22–23.) But Plaintiff does not specify which order he requests that the Court revoke, and there does not appear to be such an order in the docket for this case. And Plaintiff does not explain why his filing fees should be waived. Thus, Plaintiff does not request relief that this Court is capable of granting.

For the foregoing reasons, Plaintiff motion for recall of the judgment and for relief from filing fees (Dkt. No. 19) is DENIED.

//
//

1 DATED this 18th day of March 2020.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C18-0658-JCC
PAGE - 3